# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JERRY EXON, JR.,

        Petitioner,  :  Case No. 3:16-cv-344

  - vs -                      District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
  North Central Correctional Institution,

                               :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's recommendation that the Petition be dismissed with prejudice (Report and Recommendations, ECF No. 2).

Petitioner pleads the following grounds for relief:

> **Ground One:** Defendant-Appellant was denied effective assistance of counsel by trial counsel per the VI Amend. of the United States Constitution and the standard pursuant to *Strickland v Washington*, 466 U.S. 668.
>
> **Supporting Facts:**
>
> 1) Trial counsel failed to object to the fact that the lead investigator was present during the States presentment of their case-in-chief and examining their witnesses and then calling him to testify last to support the other witnesses thus violating the separation of witnesses clause.
>
> 2) Trial counsel failed to raise any challenges for cause as several juror's [sic] were either victims of the same crimes as Petitioner

1

was charged and/or personally knew police officers involved with this case.

3) Trial counsel failed to object when the Prosecution presented other acts evidence that its prejudicial value outweighed its probative value.

**Ground Two:** The prosecutor's misconduct at trial denied Defendant-Appellant his right to a fair trial under the VI Amend. of the United States Constitution and his right to due process and equal protection of law under the XIV Amend. of the United States Constitution.

**Supporting Facts:** The Prosecution used other acts evidence that its prejudicial value outweighed its probative value and violated Evidence Rules 403(A) and 404(B).

**Ground Three:** The trial judge's abuse of judicial discretion denied Defendant-Appellant his right to a fair trial under the VII Amend. of the United States Constitution and his right to due process and equal protection of law under the XIV Amend. of the United States Constitution.

**Supporting Facts:** The trial court abused its discretion and violated the laws set forth in Blakemore v Blakemore by allowing the Prosecution to use other acts evidence that its prejudicial value outweighed its probative value and violated Evidence Rules 403(A) and 404(B).

**Ground Four:** The jury's conviction against the sufficiency of the evidence violated Defendant-Appellant's right to due process and equal protection of law under the XIV Amend. of the United States Constitution.

**Supporting Facts:** The Prosecution failed to present evidence that proved every element of the crime charged for aggravated robbery.

**Ground Five:** The jury's conviction against the manifest weight of the evidence denied Defendant/Appellant's right to due process and equal protection of law under the XIV Amend. of the United States Constitution.

**Supporting Facts:** The Petitioner's rights were violated when the jury lost it's [sic] way and convicted him for aggravated robbery when there was no evidence to show that serious physical harm

>  done as the alleged victim in this case is the only evidence used and no forensic evidence establishes physical harm.

(Petition, ECF No. 1.)

# Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Exon claims he received ineffective assistance of trial counsel in three different instances: (1) failure to object to the racial makeup of the jury, (2) failure to excuse for cause jurors who had been victims of crime or knew police officers, and (3) failure to object to the presence of the lead detective at counsel table during trial. Exon raised these same claims on direct appeal and the Second District rejected them all on the merits. *State v. Exon*, Case No. 2014-CA-106, 2016-Ohio-600, ¶ 3, 2016 Ohio App. LEXIS 556 (2nd Dist. Feb.19, 2016), appellate jurisdiction declined, 145 Ohio St. 3d 1472 (2016). The Report concluded the Second District's decision was neither contrary to nor and objectively unreasonable application of the governing Supreme Court precedent, *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

In his Objections, Exon argues the jurors who had been crime victims or knew police could have been challenged under Ohio Revised Code § 2945.25(O) on the grounds they were "otherwise . . .unsuitable for any other cause to serve as a juror." Judge Froelich's opinion found from the record that each of the prospective jurors who either knew a police officer or had been a victim of crime "indicated that they could be fair and impartial." *State v. Exon*, supra, ¶

3

32.  Knowing a police officer or having been the victim of a crime is in no way a per se disqualification for jury service because it in no way implies the person will be biased in this particular case.  Exon offers nothing from the record which would even tend to indicate the prospective jurors prior experiences were so strong that they could not be fair and impartial.  He also does not discuss the fact, found by Judge Froelich, that peremptory challenges were used by counsel to eliminate some prospective jurors.  Exon has not shown either that failure to challenge any particular prospective jurors was deficient performance by counsel or that he was prejudiced by that failure.

Exon, who is himself African-American, argues secondly that counsel was ineffective for "not ensuring that the jury represented the African-American community." The Sixth Amendment guarantees trial by an impartial jury drawn from a fair cross-section of the community in which the crime was committed.  *Morgan v. Illinois*, 504 U.S. 719, 726-27 (1992). To protect that right, the Constitution forbids intentional exclusion from the jury pool and jury of members of any distinctive group within the community, a rule which the Supreme Court has explicitly applied to African-Americans and women.  *Batson v. Kentucky*, 476 U.S. 79 (1986). The Second District found "[t]he record does not reflect the racial make-up of the jury pool." *State v. Exon*, *supra*, ¶ 30.  Therefore there was no evidence before the court of appeals on which to base a finding on this claim.  Nor did Exon make a specific claim under *Batson* that the prosecutor had used one or more peremptory challenges to remove prospective African-American jurors.  Finally, Exon never filed a petition for post-conviction relief in which he could have presented evidence outside the appellate record to support a racial discrimination claim. Thus Exon has not demonstrated that any claim raised by his attorney on this basis would have had any merit.

In his Objections Exon raises for the first time a claim that the trial court erred either by foreclosing voir dire on racial bias or not ensuring extra voir dire on that subject (Objections, ECF No. 4, PageID 68).  He also asserts his trial attorney provided ineffective assistance of trial counsel by not ensuring inquiry into racial bias.  *Id.*  These claims are not made in the Petition. They also were not made before the Second District, so Exon has procedurally defaulted on them and would not be permitted to amend the Petition to add them.  Failure to raise a constitutional issue at all on direct appeal constitutes a procedural default barring habeas consideration unless a petitioner shows cause for the omission and resulting prejudice.  *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).

Third, Exon claims ineffective assistance of trial counsel for failure of his attorney to have the lead detective excluded from sitting at counsel table throughout the trial and before testifying.  Ohio R. Evid. 615 (A) allows separation of witnesses, but, as Judge Froelich pointed out, Rule 615(B) allows a party that is not a natural person to have a representative.  *State v. Exon*, *supra*, ¶ 34.  The Report pointed out that it was not ineffective assistance of trial counsel to fail to object to Detective DeWine's presence because the objection would have been overruled under Rule 615(B).  All Exon does about this point in his Objections is to quote Ohio R. Evid. 615(A)(Objections, ECF No. 4, PageID 69).  He makes no response to the party representative point.

Exon's Objections to the Report on Ground One are not well taken.

5

**Ground Two:  Prosecutorial Misconduct**

In his Second Ground for Relief, Exon claims he was denied a fair trial by the prosecutor's use of other acts evidence.  The Second District rejected this claim, essentially by finding there were no references to any prior convictions.  *State v. Exon*, *supra*, ¶¶ 29-46.  The Report recommended dismissal of the Second Ground for Relief because the Second District's conclusion on this claim was neither contrary to nor an objectively unreasonable application of Supreme Court precedent, holding:

> The record as reviewed by the Second District simply does not show any unconstitutional prosecutorial misconduct.  The phrase "mug shots," which probably conveyed to the jury that they were photographs taken on booking someone into a jail, was witness Reynolds' word, not the prosecutor's.  It was perfectly proper, indeed crucial to the state's case, to elicit an identification from Reynolds and what the prosecutor had were two photo arrays prepared by Detective DeWine, who did not identify them as "mug shots."  Indeed, the record does not show that the photo arrays were in fact prepared from booking photographs.
>
> As to the prosecutor's question to Reynolds about whether he had ever been punched in the head before during his employment with Speedway, the Magistrate Judge agrees with Judge Froelich that the question was likely to elicit irrelevant information, but asking this single question did not amount to flagrant or repeated misconduct and the Second District's finding of harmlessness (no prejudice) is clearly correct.

(Report, ECF No. 2, PageID 54.)

In his Objections, Exon has not met this point head on, but has cited Ohio Supreme Court cases about the admission of prior convictions (Objections, ECF No. 4, PageID 69-71).  The rationale for those cases is quite clear:  prior convictions tend to prove character and that, on the occasion in suit, the defendant acted in accordance with his character and committed the crime

6

with which he is charged. It is a rationale accepted by both the Ohio and Federal Rules of Evidence. But there were no prior convictions admitted in Exon's trial. And even if there had been, the United States Supreme Court has never held that use of prior bad acts violates the Constitution. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*, 502 U.S. 62 (1991).

**Ground Three: Abuse of Judicial Discretion in Allowing Other Acts Evidence**

In his Third Ground for Relief, Exon claims the trial judge abused his discretion in allowing "other acts" evidence to be presented to the jury. The Report found that he claimed he had presented this to the state courts, but it is not reflected anywhere in Judge Froelich's opinion. The Report also noted that an abuse of discretion claim does not state a claim cognizable in habeas, citing *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995). Exon's Objections present no authority to the contrary.

**Ground Four: Sufficiency of the Evidence**

In his Fourth Ground for Relief Exon claims the prosecution failed to present sufficient evidence to prove the crime with which he was charged. The Report noted that the Second District had decided this claim on the merits and that, under the AEDPA, this Court was bound to defer both to the jury's finding and to that of the Second District. The Report also noted this

was not a substantial claim: the victim of the robbery, who knew Exon from former encounters, testified as an eyewitness about what happened.

In his Objections, Exon argues his due process rights were violated "when the Prosecution failed to present sufficient evidence other than the alleged victim's testimony to establish that Petitioner had in fact committed these crimes." (Objections, ECF No. 4, PageID 73.) Judge Froelich summarized the evidence of the six State witnesses at *State v. Exon*, *supra*,¶¶ 12-21. Not only did the victim, Richard Reynolds, testify that Exon punched him in the face as he attempted to retrieve a carton of cigarettes Exon was stealing, there was also surveillance video shown to the jury from which Exon was identified by other people as well.

Exon complains in his Objections that the State did not prove he caused serious physical harm to Reynolds and cites Ohio Revised Code § 2901.01(A)(5) as requiring such proof (Objections, ECF No. 4, PageID 73). That statute does indeed require proof of serious physical harm, but that is not the statute under which Exon was convicted. He was convicted of simple robbery under Ohio Revised Code § 2911.02(A)(2), which requires only proof of the use of force and not that the use of force resulted in serious physical harm.

**Ground Five: Manifest Weight of the Evidence**

In Ground Five Exon asserts his conviction is against the manifest weight of the evidence. As noted above, federal habeas relief is available only for constitutional violations. But a manifest weight claim does not arise under the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). In his Objections, Exon merely recites the standard for manifest weight claims under Ohio law and nowhere presents any constitutional authority for

8

this claim (Objections, ECF No. 4, PageID 74).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes that the Petition herein should be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

this claim (Objections, ECF No. 4, PageID 74).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes that the Petition herein should be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).