IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JERRY EXON, JR.,

        Petitioner,    :    Case No. 3:16-cv-344

  - vs -                       District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
  North Central Correctional Institution,

                                  :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's recommendation that the Petition be dismissed with prejudice (Report and Recommendations, ECF No. 2; Supplemental Report and Recommendations, ECF No. 6).  Judge Rice has again recommitted the case for reconsideration in light of the Objections (ECF No. 8).

No additional analysis is required as to Ground One, the claim of ineffective assistance of trial counsel.

In Ground Two Mr. Exon complains about the use of other acts evidence at trial. However, he argues the claim solely in terms of Ohio precedent (Objections, ECF No. 7, PageID 89).  Even if what was done by the prosecutor here might violate Ohio law – a question this Court cannot reach -- "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts

1

evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*, 502 U.S. 62 (1991).

In Ground Three, Mr. Exon complains the trial judge abused his discretion in admitting other acts evidence. Both the Report and the Supplemental Report note that, even if the judge did abuse his discretion, that is not a violation of the United States Constitution. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995).

In Ground Four Mr. Exon complains that the State did not prove "serious physical harm" which he says is an element of the offense of robbery. Not so. Exon was charged with robbery which only requires proof of the use of force and not that serious physical harm was caused. The victim testified that Exon punched him in the face when the victim was attempting to retrieve from Exon a carton of stolen cigarettes. That is sufficient evidence

In Ground Five Mr. Exon continues to argue that his conviction is against the manifest weight of the evidence and refuses to acknowledge that is not a constitutional claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes that the Petition herein should be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).